**Ida M. FOSTER, Plaintiff–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Defendant– Appellee.**

No. 02–16510.

D.C. No. CV–01–02962–SI.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 13, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument and de- nies Foster's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

### MEMORANDUM**

Ida M. Foster appeals pro se the district court's summary judgment in favor of Anthony J. Principi, Secretary of Veterans Affairs, in Foster's action alleging employment discrimination on the basis of sex, race and age in violation of Title VII of the Civil Rights Act of 1964. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994), and we affirm.

Summary judgment was proper because Foster failed to create a genuine issue of material fact as to whether the advice she received regarding her early retirement constituted an adverse employment action by her employer and whether others who were similarly situated and not within her protected class were treated more favorably than she was. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ Foster similarly failed to raise a genuine issue of material fact as to whether she was constructively discharged, *see Bergene v. Salt River Project Agricultural Improvement and Power District*, 272 F.3d 1136, 1143–44 (9th Cir.2001), whether there was a pattern and practice of discrimination in the Department of Veteran Affairs ("VA"), *see Hazlewood Sch. Dist. v. United States*, 433 U.S. 299, 307–08, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977), or whether her workplace was a hostile work environment. *See* 29 C.F.R. § 1606.8(b); *Garcia v. Spun Steak Co.*, 998 F.2d 1480, 1489 (9th Cir.1993).

■ Summary judgment was proper on Foster's retaliation claim because she

failed to create a genuine issue of material fact as to whether her employer subjected her to an adverse employment action, or that there was a causal link between the actions by her employer and the complaints she filed against the VA with the Equal Employment Opportunity Commission. *See O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996).

■ Summary judgment on Foster's claim for intentional infliction of emotional distress was proper because she failed to raise a genuine issue of material fact as to whether her employer's conduct in dispensing retirement advice was sufficiently outrageous or whether her distress was caused by her employer's actions. *See Simo v. Union of Needletrades, Industrial & Textile Employees*, 316 F.3d 974, 992 (9th Cir.2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.